USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SEAN S. SHALLOW,

                Plaintiff,

    -v-

RICHARD F, SCOFIELD, M.D.; 72nd STREET
MEDICAL ASSOCIATES; CAMILLE FREDERICK;
STERLIN JOHNSON; ELAZAR RABBANI, CEO;
CHATO LUNA; ROBIN PRATT; ENZO CLINICAL
LABS INC.; THOMAS NASH,

                Defendants.
------------------------------------------------------------------X

11 Civ. 6028 (JMF)

OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

    Sean S. Shallow brings this case, *pro se*, against two of his former employers and several

employees thereof, alleging — among other things and in various combinations — sexual

assault, sexual harassment, employment discrimination, libel and slander, and unauthorized

disclosure of medical records.[1]  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, Defendants all move to dismiss the operative complaint — that is, the second

amended complaint (Docket No. 21) — for failure to state a claim upon which relief can be

granted.  In addition, after Defendants' motions were filed, Plaintiff moved for leave to amend

his complaint.  For the reasons discussed below, Defendants' motions to dismiss are GRANTED

and Shallow's motion for leave to amend the complaint is DENIED.

---

[1]    The defendants in the case are 72nd Street Medical Associates ("72nd Street Medical");
Richard Scofield, Thomas Nash, Camille Frederick, Sterlin Johnson, all employees or former
employees of 72nd Street Medical (collectively, with 72nd Street Medical, "the 72nd Street
Medical defendants"); Enzo Clinical Labs, Inc. ("Enzo Labs"); and Elazar Rabbani, Chato Luna,
and Robin Pratt, all employees or former employees of Enzo Labs (collectively, with Enzo Labs,
"the Enzo Labs defendants").

**BACKGROUND**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the

factual allegations set forth in the complaint as true and draw all reasonable inferences in favor

of the plaintiff.  *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  The Court may

consider not only the complaint itself, but also any written instrument attached to the complaint

as an exhibit, any statements or documents incorporated by reference in the complaint, and

documents that are "integral" to the complaint even if they are not incorporated by reference.

*See, e.g.*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citing *Sira v.*

*Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).  In addition, although a court generally may not look

outside the pleadings when reviewing a 12(b)(6) motion to dismiss, because a *pro se* plaintiff's

allegations must be construed liberally it is appropriate for a court to consider factual allegations

made in a *pro se* plaintiff's opposition papers, as long as the allegations are consistent with the

complaint.  *See, e.g.*, *Braxton v. Nichols*, No. 08 Civ. 8568 (PGG), 2010 WL 1010001, at *1

(S.D.N.Y. Mar. 18, 2010); *cf. Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering a

*pro se* plaintiff's affidavit in opposition to a motion to dismiss in addition to those in the

complaint).  Accordingly, the following facts are drawn from Shallow's second amended

complaint and his opposition papers to the motions to dismiss (to the extent they are consistent

with the complaint), and are accepted as true for the purposes of this motion.

72nd Street Medical, a medical practice, and Enzo Labs, a clinical laboratory, are both

located in New York City.  (Compl. at 2, 10).  In or about March 2007, 72nd Street Medical

hired Shallow as a phlebotomist.  (Compl. at 9-10).  The complaint alleges that while employed

there, Shallow was the victim of discrimination on the grounds of perceived homosexuality.

(Compl. at 9; Pl.'s Mem. in Opp. to 72nd Street Medical's Mot. to Dismiss ("Opp. Mem.") at 3

(Docket No. 44)).  For the most part, the complaint does not detail the nature of this alleged

discrimination, but it does allege that Shallow's supervisor — Defendant Sterlin Johnson —

physically touched him on several occasions.  (Compl. at 9; Opp. Mem. at 4).[2]  When Shallow

complained about the most serious of these instances to his boss — Defendant Richard Scofield

— he was ignored.  (Compl. at 9; Opp. Mem. at 4).  Additionally, shortly after complaining,

Defendant Camille Frederick — a colleague with whom Shallow had recently broken off an

affair — began to accuse him of having HIV.  (Compl. at 9-10; Opp. Mem. at 4).  In reaction to

this accusation, Shallow had himself tested for a battery of sexually transmitted diseases and

submitted the results to 72nd Street Medical as proof that he was healthy.  (Compl. at 9-10; Opp.

Mem. at 4-5).  Shortly thereafter, on March 20, 2008, Johnson fired Shallow, allegedly for

insubordinate and inappropriate behavior toward his coworkers and supervisor.  (Compl. at 10;

*see also* 72nd Street Medical's Mem. in Support of Mot. to Dismiss at 3).  The complaint appears

to assert, however, that Shallow was fired based on the false perception that he was HIV positive

or in retaliation for complaining about (or rejecting) Johnson's sexual advances.  (Compl. at 8-

10; Opp. Mem. at 5).

        In 2009, Shallow began to work in the patient service center of Enzo Labs, only a few

blocks from 72nd Street Medical.  (Compl. at 10).  The complaint alleges that, a few weeks into

the job, a repair technician who did work at both 72nd Street Medical and Enzo Labs told an

employee at Enzo Labs — Defendant Chato Luna — about the complications at Shallow's

former job.  (*Id.*).  Thereafter, Luna and two other Enzo Labs employees — including Shallow's

supervisor, Defendant Robin Pratt — contacted Johnson at 72nd Street Medical, who told them

---

[2]        Shallow alleges that he was also touched inappropriately by a "quest diagnostic driver,"
but the relationship between the driver and 72nd Street Medical is unclear.  (Compl. at 9).

that Shallow was HIV positive. (*Id.*). Shallow claims that, as a result, he was the victim of discrimination at Enzo Labs. The discrimination he describes was comprised mostly of statements from delivery drivers, patients, and employees about his health. (*Id.*). Shallow also alleges that Enzo Labs patients discriminated against him by, among other things, refusing to give him their insurance cards and making suggestive references to his anatomy. (*Id.*). According to the complaint, Shallow offered to be tested to prove to Enzo Labs that he was in good health, but Enzo Labs instead obtained his medical records directly from 72nd Street Medical without his consent. (*Id.* at 30).

On August 31, 2009, Shallow filed a complaint with the Office of Civil Rights ("OCR") at the Department of Health and Human Services ("HHS"), alleging that 72nd Street Medical had disclosed the results of a blood test to Enzo Labs without his consent. (*Id.*). At about the same time, he complained to Pratt at Enzo Labs. (*Id.* at 10). The next day, Pratt visited Shallow at the patient service center and fired him, allegedly for "performance issues" related to his "refus[al] to perform accessioning on [a] stat. specimen." (Greenhaus Affirmation Ex. 4 (Docket No. 39)). Almost exactly one year later, on August 31, 2010, the OCR advised Shallow that it had concluded its investigation of his claim. (Compl. at 30). The OCR reported that it had spoken to 72nd Street Medical personnel and conducted interviews with the members of the Enzo Labs staff who had been identified by Shallow. (*Id.* at 30-31). The OCR concluded that there was insufficient evidence to substantiate Shallow's claim and it closed his case. (*Id.* at 31).

Shallow's complaint includes a slew of bizarre and conspiratorial allegations with respect to the period after his employment at Enzo Labs (*id.* at 10-13), although the connections between these allegations and any of Defendants are unclear or altogether absent. Following his termination by Enzo Labs, Shallow moved to Phoenix, Arizona. (*Id.* at 10-11). Shallow alleges

that the false rumors about his health followed him there and that he was discriminated against

everywhere he went — from the restaurants he patronized to the laundromats where he washed

his clothes.  (*Id.* at 11).  Among other things, he claims that his apartment and telephone were

bugged with recording devices, his car was tampered with so that it would overheat every twenty

minutes, and his food was laced with a substance that gave him "hyper adrenal syndrome."  (*Id.*).

In addition, Shallow states that he was falsely accused of child molestation and being a gang

member, a drug dealer, and a counterfeiter — although it is not clear by whom or for what

purpose.  (*Id.*).  The "discrimination, slander, [and] violation of [his] . . . civil liberties

continued," Shallow alleges, even after he moved away from Arizona to New Jersey.  (*Id.* at 13).

On approximately May 10, 2011, and May 27, 2011, Shallow filed complaints with the

Equal Employment Opportunity Commission ("EEOC") alleging that 72nd Street Medical and

Enzo Labs discriminated and retaliated against him on various grounds.  (*Id.* at 3; Greenhaus

Affirmation Ex. 2 at 2; *see also* Zwerling Decl. Ex. 3 at 9 (Docket No. 36)).  About one month

later, the EEOC issued a right-to-sue letter stating that it had been unable to make any factual

findings or conclude that there had been any violations.  (Compl. at 5).

On August 19, 2011, Shallow filed the instant law suit alleging various claims pursuant to

Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e -2000e-17; the New York

State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297; the New York City

Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101-131; and unspecified

sections of the Health Insurance Portability and Accountability Act ("HIPAA").  (Docket No. 2).

On September 22, 2011, Shallow amended his complaint to add claims under the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117.  (Docket No. 9).  On October 31, 2011,

with subsequent leave from the Court (Docket No. 19), Shallow amended the complaint for a

second time to add a new defendant and correct the name of a defendant already named; in so doing, however, he neglected to check the boxes for NYSHRL and NYCHRL claims on the civil cover sheet. (Docket No. 21). Finally, on April 19, 2012, after Defendants had filed their motions to dismiss the second amended complaint, Shallow filed a motion for leave to file yet another amended complaint (incorrectly styled a "second amended complaint" as well). (Docket No. 63). In the proposed amended complaint, Shallow realleges both of his state law claims.

## DISCUSSION

### A.    Standard of Review

To survive a Rule 12(b)(6) motion, a plaintiff must generally plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

The heightened pleading standards outlined in *Twombly* and *Iqbal* notwithstanding, the Supreme Court has made clear that, to survive a motion to dismiss, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Id.* at 569 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002)).

Nevertheless, the elements of a *prima facie* case "provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible." *Sommersett v. City of New York*, No. 09 Civ. 5916 (LTS) (KNF), 2011 WL 2565301, at \*5 (S.D.N.Y. June 28, 2011). Accordingly, "courts consider these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiff's claim and the grounds on which it rests." *Murphy v. Suffolk Cnty. Cmty. Coll.*, 10-CV-0251 (LDW) (AKT), 2011 WL 5976082, at \*5 (E.D.N.Y. Nov. 29, 2011).

Even under the heightened pleading standards set by *Iqbal* and *Twombly*, a court is "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, when considering *pro se* submissions, the Court should interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). Notwithstanding the Court's obligation, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Bodley v. Clark*, 11 Civ. 8955 (KBF), 2012 WL 3042175, at \*2 (S.D.N.Y. July 23, 2012); *see also, e.g.*, *Green v. McLaughlin*, 11-5451-PR, 2012 WL 1592621, at \*1 (2d Cir. May 8, 2012) ("[P]ro se complaints must contain sufficient factual allegations to meet the plausibility standard.").

## B.   HIPAA

As an initial matter, Shallow's HIPAA claim — that 72nd Street Medical disclosed his private medical information to Enzo Labs without consent — is easily rejected as a matter of law. That is because, whether or not 72nd Street Medical did share Shallow's information, "HIPAA does not provide for either an express or implied private right of action." *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009)

(collecting cases).  Instead, only the Secretary of HHS or authorized state authorities may bring a

HIPAA enforcement action.  *See* 42 U.S.C. § 300gg-22(a); *see also, e.g.*, *Johnson v Quander*,

370 F. Supp. 2d 79, 100 (D.D.C. 2005) ("[T]he law specifically indicates that the Secretary of

HHS shall pursue the action against an alleged offender, not a private individual."), *aff'd*, 440

F.3d 489 (D.C. Cir. 2006).  Notably, in Shallow's case, the Secretary of HHS investigated his

claim and concluded there was no basis to bring an enforcement action.  (Compl. at 30).  This

Court is therefore not authorized to grant relief to Shallow under HIPAA.  *See, e.g.*, *Bellikoff v.

Eaton Vance Corp.*, 481 F.3d 110, 116 (2d Cir. 2007) ("Without a showing of congressional

intent, a cause of action does not exist and courts may not create one, no matter how desirable

that might be as a policy matter, or how compatible with the statute.") (internal quotation marks

omitted).

## C.      Title VII and the ADA

Shallow's claims under Title VII and the ADA are also easily rejected as a matter of law.

To pursue a claim under either statute in federal court, a plaintiff must file an administrative

complaint with the EEOC within 300 days of the alleged discrimination.  *See* 42 U.S.C. § 2000e-

5(e); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000) (Title VII); *Harris v.

City of N.Y.*, 186 F.3d 243, 247 (2d Cir. 1999) (ADA).  In this case, Shallow was fired by 72nd

Street Medical on March 20, 2008, and by Enzo Labs on October 9, 2009, and there is no

indication in the complaint that Shallow had anything to do with either of these companies after

his employment was terminated.  (Compl. at 11-13).  It follows that in order to sustain an action

against 72nd Street Medical or Enzo Labs under Title VII or the ADA, Shallow would have had

to file a complaint with the EEOC no later than January 14, 2009, or August 5, 2010,

respectively.  By his own admission, however, Shallow failed to do so; indeed, he did not file a complaint with the EEOC until May 10, 2011.  (Compl. at 3).

To be sure, there is an exception to the time bar for discriminatory acts that were part of "specific discriminatory policies or mechanisms." *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir. 1993), *abrogated on other grounds by Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2011).  Shallow has made no viable allegations of such a policy or mechanism here, however, and the Second Circuit has "made it clear that a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act."  *Harris*, 186 F.3d at 250 (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).  Accordingly, Shallow's Title VII and ADA claims must be dismissed as time-barred.[3]

### D.  Sexual Assault and Defamation

Shallow's allegations of sexual assault — against the 72nd Street Medical defendants — and defamation — against all defendants — are also time barred.  For both sets of claims, the statute of limitations under New York law is one year.  *See* N.Y.C.P.L.R. § 215 (providing that "[a]n action to recover damages for assault" and "[a]n action to recover damages for libel [and/or] slander" shall both be "commenced within one year"); *Yong Wen Mo v. Gee Ming Chan*, 792 N.Y.S.2d 589, 590 (App. Div. 2d Dep't 2005) (sexual assault); *Karam v. First Am. Bank of N.Y.*, 593 N.Y.S.2d 640, 642 (App. Div. 4th Dep't 1993) (defamation); *see also, e.g.*,

---

[3]     Even if Shallow's Title VII and ADA claims were not time barred, those claims against the individual defendants could not be sustained as a matter of law as neither statute imposes liability on individuals. *See, e.g.*, *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (Title VII); *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) (ADA) (collecting cases).

*Kavazanjian v. Rice*, 03-CV-1923 (FB) (SMG), 2008 WL 5340988, at \*7 (E.D.N.Y. Dec. 22,

2008) (looking to New York law to determine the applicable statute of limitations for tort claims

under New York law).  Yet Shallow did not file his complaint until August 19, 2011 — over

three years after his termination from 72nd Street Medical (and thus the latest possible date upon

which his claims against the 72nd Street Medical defendants could have accrued) and almost two

years after his termination from Enzo Labs (and thus the latest date upon which his claims

against the Enzo Labs defendants could have accrued).  Accordingly, all of those claims are

barred by the statute of limitations.[4]

### E.     State and City Law Claims

Finally, Shallow has also raised claims against all defendants under the NYSHRL and

NYCHRL, the state and city analogues to Title VII.[5]  All such claims against the 72nd Street

Medical defendants, however, must be dismissed as untimely because claims under both statutes

---

[4]      In his complaint, Shallow appears to allege that he was the victim of defamation after he
was fired by the defendants.  For instance, he claims that the public in Arizona and New Jersey
(including various employers, people at his apartment complex, grocers, restaurateurs, people at
clubs and laundromats, etc.) appeared to believe he was HIV positive and discriminated against
him on those grounds.  (Compl. at 11-13).  Whether or not these allegations render Shallow's
defamation claims timely, however, they do not warrant letting his claims proceed.  First, to the
extent that Shallow merely alleges that the defamation continued to harm him, the law is clear
that a person who defames another "is not responsible for its voluntary and unjustifiable
repetition, without his authority or request, by others over whom he has no control." *Geraci v.
Probst*, 15 N.Y.3d 336, 342 (2010) (quoting *Schoepflin v. Coffey*, 162 N.Y. 12, 17 (1900)).
Second, to the extent that Shallow alleges that the defendants themselves continued to defame
him after his termination, his allegations must be dismissed as conclusory and implausible on
their face. *See, e.g.*, *Barbosa v. Continuum Health Partners Inc.*, 716 F. Supp. 2d 210, 215
(S.D.N.Y. 2010) (explaining that "the court need not accord [l]egal conclusions, deductions or
opinions couched as factual allegations . . . a presumption of truthfulness") (internal quotation
marks omitted).

[5]      The Enzo Labs defendants argue that Shallow abandoned his state and city law claims
because he neglected to check the relevant boxes on the civil cover sheet of the operative
complaint.  (Enzo Reply Mem. at 4 (Docket No. 41)).  The Court need not reach that question,
however, because the claims are subject to dismissal on other grounds.

must be commenced within three years of the alleged discriminatory act.  *See Lightfoot*, 110 F.3d

at 907 (NYSHRL); *Gutierrez v. City of New York*, 756 F. Supp. 2d 491, 501 (S.D.N.Y. 2010)

(NYSHRL and NYCHRL).  As noted, Shallow did not file suit against 72nd Street Medical for

more than three years after his termination on March 20, 2008, the latest possible date upon

which his state and city law claims against 72nd Street Medical accrued.  Accordingly, they are

barred by the statute of limitations.

By contrast, Shallow's NYSHRL and NYCHRL claims against the Enzo Labs defendants

are presumably timely as they were brought only about two years after his termination on

October 9, 2009.  Nevertheless, they are subject to dismissal for failure to meet the threshold

requirement of plausibility.  As in his complaint generally, Shallow alleges grandiose conspiracy

theories in which the defendants are discriminating against him at every turn.  Most, if not all, of

his allegations, however, are either fatally vague or wholly conclusory.  Moreover, many are not

even related to the conduct of the Enzo Labs defendants themselves.  For instance, he complains

about the statements of a pick-up driver with no apparent relationship to Enzo Labs and about the

conduct and statements of patients at Enzo Labs (one of whom allegedly posed as a doctor in

order to tell Shallow that "her sister had a rapid HIV test and it was negative but she then had

another test done via blood and it was positive").  (Compl. at 10).  Even taken together, these

allegations do not state a valid claim.

Construing his submissions liberally, as the Court must, Shallow comes closest to stating

a valid claim in connection with his termination from Enzo Labs.  But Shallow does not actually

allege in the complaint that he was fired for discriminatory reasons; he merely states that his

supervisor, Pratt, "came to the Patient service center and fired [him]."  (Compl. at 10).  And to

the extent that he complains about discriminatory remarks while he was employed at Enzo Labs,

he makes no allegation, let alone plausible allegation, that those remarks were causally

connected to the decision to fire him.  *See, e.g.*, *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d

111, 116 (2d Cir. 2007) ("The relevance of discrimination related remarks does not depend on

their offensiveness, but rather on their tendency to show that the decision-maker was motivated

by assumptions or attitudes relating to the protected class.").  Nor does he raise any plausible

allegation that his firing was in retaliation for his filing a complaint with the OCR.  (Compl. at

10).   For one thing, the alleged HIPAA violation was committed by 72nd Street Medical, not

Enzo Labs.  For another, Shallow himself alleges that when he told Pratt about his OCR

complaint, he told her that he was quitting and that she "implored" him "not to quit."  (Compl. at

10).  It is implausible that Pratt would do so only to fire him as a form of retaliation.[6]

In short, Shallow's claims against the 72nd Street Medical defendants are time barred,

and his claims against the Enzo Labs defendants are facially implausible.  Accordingly, his

claims under the NYSHRL and the NYCHRL must also be dismissed.

**F.      Motion to Amend Complaint**

After defendants' motions to dismiss were fully briefed, Shallow filed a motion for leave

to amend his complaint for a third time (Docket No. 63), which the Enzo Labs defendants oppose

(*See* Enzo's Mem. of Law in Opp'n to Pl.'s Mot. to Amend the Compl. (Docket No. 67)).  Rule

15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to

amend a complaint "when justice so requires."  FED. R. CIV. P. 15(a)(2).  Nevertheless, a court

has discretion to deny a motion to amend where "there is a good reason for it, such as futility,

---

[6]      In an affidavit filed on February 6, 2012, Shallow states that Pratt fired him "because [he]
complain[ed] about the discrimination." (Shallow Aff. at 3 (Docket No. 48)).  Whether or not the
Court may consider this conclusory statement outside of the complaint, it is not sufficient to state
a claim, especially in light of the considerations stated above.

bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). An amendment is "futile" when it could not withstand a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (stating that "[l]eave to amend may properly be denied if the amendment would be futile, as when the proposed new pleading fails to state a claim on which relief can be granted") (citations omitted).

In this case, Shallow's proposed amendments are futile. Nothing in the proposed amended complaint changes the fact that Shallow's federal claims against all defendants and his state and city law claims against the 72nd Street Medical defendants are time barred. As for his state and city law claims against the Enzo Labs defendants, the proposed amended complaint adds a few allegations, but nothing of substance to nudge "his claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. For example, the proposed amended complaint alleges that one of the Enzo Labs defendants wore gloves when she visited him in his station and that she demanded that he wear gloves before he handed her things. (Proposed Amended Complaint at 13 (Docket No. 63)). It also claims that Shallow agreed to take a blood test at the behest of a "client rep" of Enzo Labs because he was "fearful" that he would lose his job. (*Id.*). But these added details are not enough to overcome the shortcomings discussed above. Accordingly, Shallow's motion for leave to amend the complaint is denied as futile.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED and Plaintiff's motion for leave to amend his complaint is DENIED. As a final matter, Plaintiff notified the Court on June 21, 2012, and again on June 28, 2012, that he intended to move abroad, and he filed motions requesting permission to file documents electronically and to make appearances by

phone or video conference.  (Docket Nos. 77 and 78).  He also filed a motion on September 17,

2012, requesting a pretrial conference.  (Docket No. 81).  Because the complaint is dismissed,

these motions are hereby DENIED as moot.

 The Clerk of the Court is directed to mail a copy of this Opinion and Order to the

Plaintiff, to terminate the pending motions (Docket Nos. 30, 35, 63, 77, 78, and 81), and to close

this case.


 SO ORDERED.

Dated:  September 21, 2012
   New York, New York

               JESSE M. FURMAN
               United States District Judge